# United States Tax Court

T.C. Memo. 2025-82

SOHAIL S. HUSSAINI,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 893-24.                                    Filed August 4, 2025.

————

Sohail S. Hussaini, pro se.

*Matthew J. Clarkson* and *Trevor D. Quinlan*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

JENKINS, *Judge*: The Internal Revenue Service (IRS) determined a federal income tax deficiency of $8,955 and an accuracy-related penalty of $1,791 under section 6662(a)[1] for petitioner's 2020 tax year. After a concession,[2] the issue remaining for decision is whether petitioner is entitled to deduct expenses for travel relating to his work during the year.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the Stipulations of Facts and accompanying Exhibits are incorporated herein by reference. Petitioner resided in Iowa when his Petition was timely filed.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded the section 6662 accuracy-related penalty.

**[\*2]**　During 2020, petitioner was employed as a computer engineer by two companies: Bentley Global Resources, LLC, and Cornerstone Technical Consulting, LLC. Although during 2020 petitioner resided in Iowa, he traveled to and worked onsite at client facilities in New Jersey and Maryland. The clients were military contractors with strict security restrictions necessitating that he work at the client facilities. Petitioner paid his travel expenses, maintaining logs thereof.[3] Petitioner was not reimbursed by his employers for those expenses, and there were no reimbursement policies in place. Instead, petitioner's employers paid him fixed hourly rates, which were set to account for the short-term, traveling nature of his work. Petitioner's employers treated him as an employee and reported his wages on Forms W–2, Wage and Tax Statement.

On his 2020 tax return, petitioner included the wages reported to him on Forms W–2 and claimed a deduction of $46,147 on line 11 of Schedule 1, Additional Income and Adjustments to Income, attached to Form 1040, U.S. Individual Income Tax Return, relating to "Certain business expenses of reservists, performing artists, and fee-basis government officials." Petitioner, however, has never been enrolled in any branch of the military or been a member of a reserve component of the Armed Forces of the United States (Reservist). Nor was he a performing artist or government official during the 2020 tax year.

OPINION

Generally, the Commissioner's determinations in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving

---

[3] Respondent objected to admission of petitioner's self-prepared travel expense logs because (1) they addressed other years in addition to the 2020 tax year; (2) they did not satisfy the requirements of section 274(d); and (3) petitioner did not offer the underlying documentation on which they were based. This Court concludes that the logs are not relevant evidence given the holding, discussed herein, that there is no statutory authorization for petitioner's deduction of any travel expenses related to his employment during the 2020 tax year. *See* Fed. R. Evid. 401 (indicating that evidence is relevant if it has a tendency to make a fact more probable than it would be without the evidence, and the fact is of consequence in determining the action); *see also* § 7453; Rule 143(a) (invoking the Federal Rules of Evidence for purposes of deciding evidentiary issues before the Court). They are therefore not admissible. *See* Fed. R. Evid. 402 (indicating that irrelevant evidence is not admissible).

**[*3]** entitlement to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992).

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including traveling expenses while away from home in the pursuit of a trade or business. *See* § 162(a)(2). The performance of services as an employee generally constitutes a trade or business. *See Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). Accordingly, under certain circumstances, an employee may be entitled to deduct under section 162 expenses incurred as a condition of employment, *see Fountain v. Commissioner*, 59 T.C. 696, 708 (1973), including traveling expenses while away from home, *see Mitchell v. Commissioner*, 74 T.C. 578, 581 (1980).

For purposes of computing adjusted gross income, an individual taxpayer is generally allowed to deduct from gross income the deductions allowed by chapter 1 of the Code (other than by part VII of subchapter B thereof)—including section 162—that are attributable to a trade or business carried on by the taxpayer only if such trade or business does not consist of the performance of services by the taxpayer as an employee. *See* § 62(a)(1). Despite the general rule, and as relevant here, an individual taxpayer is allowed to deduct certain employee trade or business expenses in computing adjusted gross income, including certain expenses (1) subject to an employer reimbursement or other expense allowance arrangement, (2) of a qualified performing artist, (3) with respect to services performed by an official as an employee of a state or a political subdivision thereof, or (4) in connection with the performance of services as a Reservist. *See* § 62(a)(2)(A)–(C), (E).

Petitioner's wages in the 2020 tax year were paid to him as an employee. Therefore, petitioner is not entitled to a deduction under section 62(a)(1) for the 2020 tax year unless he satisfies one of the exceptions in section 62(a)(2). Because there was no reimbursement or other expense allowance arrangement between petitioner and either of his employers, petitioner is not entitled to a deduction under section 62(a)(2)(A) for the 2020 tax year. Petitioner was not a qualified performing artist, *see* § 62(b)(1)(A), or a government employee during the 2020 tax year and is therefore not entitled to a deduction under section 62(a)(2)(B) or (C) for the year. Petitioner suggested that he is entitled to the deduction allowed to Reservists. However, given that an employee of a company consulting on a military contract is not, by reason thereof, a Reservist, and petitioner has never been a Reservist,

**[\*4]** petitioner is not entitled to a deduction under section 62(a)(2)(E) for the 2020 tax year. Nor has petitioner argued that he is entitled to any other deduction under section 62(a) for purposes of computing adjusted gross income for the 2020 tax year.

A deduction allowable under chapter 1 of the Code that is neither allowable in arriving at adjusted gross income nor described in section 63(b) may constitute an itemized deduction. *See* § 63(d). An itemized deduction that is not of a type specifically listed in section 67(b) may constitute a miscellaneous itemized deduction. An individual may be allowed miscellaneous itemized deductions for any taxable year to the extent that the aggregate of such deductions exceeds 2% of adjusted gross income. *See* § 67(a). However, Congress temporarily suspended the provision allowing miscellaneous itemized deductions. *See* Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088. Accordingly, no miscellaneous itemized deduction is allowed for any taxable year beginning after December 31, 2017, and before January 1, 2026. *See* § 67(g). Therefore, even if petitioner might otherwise have been allowed a deduction under sections 162 and 67(a) for his travel expenses associated with his employment, such a deduction is not allowed for petitioner's 2020 tax year.

For the reasons discussed herein, this Court holds that petitioner is not entitled to the deduction for travel expenses disallowed by the IRS. This Court has considered all the arguments made by the parties, and, to the extent they are not addressed herein, deems them to be moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concession,

*Decision will be entered for respondent as to the deficiency and for petitioner as to the section 6662 penalty.*